CLINTON HAGEN, Plaintiff and Respondent, v. GREAT NORTHERN RAILWAY COMPANY, a Corporation, Defendant and Appellant.

No. 11559.
Submitted May 12, 1969.
Decided June 25, 1969.
Rehearing Denied July 14, 1969.
456 P.2d 51.

Fennessy, Crocker & Arness, Franklin Arness (argued), Libby, Weir, Gough & Booth, Edwin S. Booth (appeared), Helena, for defendant and appellant.

Bretz & Gabriel, Robert W. Gabriel (argued), Great Falls, for plaintiff and respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

Third party liability has been asserted for a compensable injury to the plaintiff while engaged in the business of his employer, on his employer's property, resulting from movement of his employer's goods by his employer's workmen. The plaintiff, Clinton Hagen, brought this action to recover damages for personal injuries sustained when he was pinned beneath structural steel dislodged during movement of railroad cars, by his employer within its sawmill yards on its own tracks, loaded with its own logs and poles. The loading had been done by plaintiff's employer on cars designed by plaintiff's employer.

Plaintiff's employer had shipped the loads of logs and poles to itself over the railway of Great Northern Railway Company, defendant herein, and the defendant had moved the loaded cars from Rexford to Libby, some 55 miles on the main line of its railway and placed them on the employer's tracks about 11:30 p. m., July 1, 1965.

Plaintiff was an employee of St. Regis Paper Company, which operated a lumber mill at Libby. On July 2, 1965, at about 9:30 a. m. he was standing near a pile of structural steel which had been placed there by a contractor constructing a portion of the lumber mill. The steel was piled beside a sawmill railroad track. Some seven cars of logs and poles were being pushed past the pile of steel by a St. Regis locomotive and train crew. One car of long poles, some 65 to 75 feet in length, was fronted by an "idler" car whose function was to accommodate the extra length of the poles as they extended beyond or over the 50 foot long flat car.

One pole came in contact with the pile of steel and scattered it. Plaintiff was pinned beneath pieces of steel and was injured.

As related before, the defendant railway delivered the cars of logs and poles to St. Regis on the St. Regis tracks at 11:30 p.m., July 1, 1965. After remaining stationary overnight, a St. Regis crew in a St. Regis engine hooked on to the cars, turned them, and pushed them through the St. Regis yards. Enroute through the yards, two St. Regis employees, the engineer of the locomotive and a brakeman, observed one pole protruding from the side of the load, but did nothing, believing it would "clear". These two St. Regis employees testified as witnesses for the plaintiff.

The issues were framed by an amended complaint and answer. Discovery consisted of interrogatories to the plaintiff and answers, interrogatories to the defendant with answers, requests for admission and admissions of fact, documents and repositions. In that state of the record the defendant moved for summary judgment. The motion was denied.

312

Again at the close of the plaintiff's evidence the defendant made and the court denied a motion for nonsuit and dismissal. Both of deniel of the motion for summary judgment and the motion for nonsuit are, among others, presented as issues on this appeal. The motion for nonsuit issue is dispositive of this appeal.

When the action was instituted a construction contractor of the plaintiff's employer was charged with negligence in placing its steel on the employer's property dangerously close to the track beside which the accident occurred. The amended complaint abandoned the claim against the contractor and charged the defendant with negligent failure to secure the load on its cars, movement of improperly loaded cars, failure to inspect and failure to warn the plaintiff of a dangerous condition.

At this point it was clear that the open carloads of poles which had been loaded by St. Regis on St. Regis designed cars were being moved by St. Regis workmen using St. Regis equipment on St. Regis premises. All obligations as to loading and unloading rested on St. Regis. The condition of the loads would have been and was apparent to St. Regis employees both at the time the loading was completed and when, after transportation on the defendant's railway, they coupled on to the cars. Thus, all of the allegations of negligence were refuted, as it were, at the time the motion for summary judgment was made. If the defendant had been negligent in any manner, its negligence would not make it liable unless it was a proximate cause of the injury. Its mere movement of the cars could not make it liable for conditions existing after it turned the cars over to St. Regis. When St. Regis employees and equipment started moving the cars it was their duty and they were in position to freely and clearly observe the condition of the cars and load. If a pole were extending beyond the side of the car during the time St. Regis employees were handling it ,ordinary care would have been required by them. Nothing however was required or could have been done by defendant's employees.

■ Thus, assuming the truth of all allegations of the amended complaint, there were no facts upon which a claim could be stated or relief could be granted. But, advancing even further, after pre-trial order (which we shall not discuss) discovery proceedings had supplied all of the foregoing facts except the testimony of the two St. Regis employees referred to at the trial.

■ Ordinarily issues of negligence are not susceptible of summary adjudication. See Mally v. Asanovich, 149 Mont. 99, 423 P.2d 294. In Brown v. Thornton, 150 Mont. 150, 154, 155, 432 P.2d 386, Mr. Justice John C. Harrison writing for a unanimous Court said:

"Rule 56(c), M.R.Civ.P., provides that summary judgment shall 'be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law.'

"On a motion for summary judgment the issues presented by the pleadings are not controlling. The court must consider the depositions, answers to interrogatories, admissions on file, oral testimony and exhibits presented, and other similar material to determine whether any of the issues are real and genuine. Hager v. Tandy, 146 Mont. 531, 410 P.2d 447. When the complaint is considered next to the plaintiff's own testimony, it is apparent that there has been no genuine factual issue presented."

■ Plaintiff, respondent here, insists that at the time of the motion, the record indicated that employees of the defendant railway had inspected the train at the site of loading, en route, and at point of delivery of the consignee. Plaintiff then goes on to state that the record showed the load was defective at the time the consignee hooked on to it. He thus reasons that there was a conflict on the question of when the load became defective; that is, during the defendant's handling or the consignor-consignee's handling. But, as we view the case, the evidence at the close of plaintiff's case made it crystal clear that even assuming the load was delivered in a defective condition, St.

Regis through its employees knew of the condition and had a duty to correct it. St. Regis, plaintiff's employer, was negligent under this view and such negligence would have been the proximate cause of plaintiff's injury; thus an independent, intervening cause as a matter of law.

Where a plaintiff has failed to establish a prima facie case of negligence on the part of the defendant, it follows as a matter of law he can not recover. Knowlton v. Sandaker, 150 Mont. 438, 436 P.2d 98. To sustain an action for personal injuries based on negligence, the plaintiff must establish not only the negligence of the defendant in breach of a legal duty imposed upon him, but must also establish this negligence was the proximate cause of the injury suffered; and where the plaintiff fails to establish either of these two elements, dismissal is proper. Knowlton v. Sandaker, supra. The plaintiff failed to establish either negligence or proximate cause, and a directed verdict should have been granted on the defendant's motion for nonsuit.

We have not discussed numerous other issues, including the ruling on exclusion of evidence of the workmen's compensation benefits paid, since our holding above is dispositive of the appeal.

For the reasons stated the judgment is reversed and the cause dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, HASWELL and BONNER, concur.