No. 13675

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

ROY C. DUNCAN,

Plaintiff and Appellant,

-vs-

ROCKWELL MANUFACTURING
COMPANY et al.,

Defendants and Respondents.

Appeal from:   District Court of the Fourth Judicial District,
               Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

    For Appellant:

        Jon  E. Ellingson argued, Missoula, Montana
        James E. Congdon, Missoula, Montana

    For Respondents:

        Garlington, Lohn and Robinson, Missoula, Montana
        Gary Graham argued, Missoula, Montana
        Worden, Thane and Haines, Missoula, Montana
        Ronald A. Bender argued, Missoula, Montana

                                Submitted:  May 26, 1977

                                  Decided:  AUG 11 1977

Filed:  AUG 11 1977

_____
                          Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the plaintiff in a personal injury action from an order of the district court, Missoula County, granting summary judgment to all defendants. The complaint proceeded upon the theories of strict liability in tort and implied warranty of fitness for a particular purpose, against the manufacturer and retailer of an allegedly defective, injury causing product, and the sales agent of the product. The record consists of the pleadings, interrogatories to the defendants, requests for admissions of the defendants, plaintiff's deposition, defendants' motion for summary judgment together with affidavits in support and in opposition, and the order of the district court granting the motion. Plaintiff appeals the order.

Plaintiff Roy C. Duncan purchased a table saw manufactured by defendant Rockwell Manufacturing Company, from defendant Allied Stores Marketing Corporation, through its agent, defendant Wallace W. Payson, in Missoula, Montana in April 1971. The saw was fully assembled at the time of the purchase. Duncan was able to observe and inspect the saw prior to the sale and noticed no defect. The saw was then placed on its back in the rear of Duncan's pickup truck and taken 80 miles to the vicinity of Flathead Lake for use in the building of a structure. The building job lasted approximately three to four months, and the saw was used at least once each day. No trouble was experienced with the saw at that time. In June 1971, following the completion of the work, Duncan again loaded the saw in the rear of his pickup, laying it on its back. The saw was transported to Missoula, placed in a

storage area behind Duncan's garage and remained there until September 1972.

On September 25, 1972, Duncan and his son removed the saw from the storage area and placed it in the center of his garage floor. Duncan commenced to ripsaw a long, narrow board without checking the saw for stability. Fifteen seconds later, as he was pushing the board through the saw, the saw tilted and the board jammed. Duncan's right hand was pulled into the moving blade, resulting in the amputation of his index finger below the first joint and lacerations to his second finger. Subsequent to the accident, it was discovered one of the four legs of the table saw was one-fourth inch shorter than the other three.

In his deposition Duncan indicated he had been actively involved as a carpenter since 1950 and was presently qualified as a master carpenter. Duncan admitted he was fully familiar with both the table saw in question and table saws generally, being aware of the dangers associated with the use of such equipment and the necessary precautions therefor.

Plaintiff urges three contentions on appeal:

1. The district court erred in granting summary judgment where genuine issues of material fact exist between appellant and respondents.

2. That any defense raised by respondents, particularly that of contributory negligence, cannot be established as a matter of law in a summary judgment proceeding.

3. Strict liability in tort is properly applicable to a retailer of a defective product.

Here the legal problem presented is essentially one of the propriety of summary judgment in the context of a particular

products liability action. Rule 56(c), M.R.Civ.P., provides

in part:

> "* * * The judgment sought shall be rendered forth-
> with if the pleadings, depositions, answers to interro-
> gatories, and admissions on file, together with the
> affidavits, if any, show that there is no genuine issue
> as to any material fact and that the moving party is
> entitled to judgment as a matter of law. * * *"

This Court has held that, under Rule 56, the party moving for

summary judgment has the initial burden of establishing the

complete absence of any genuine issue of material fact. Mustang

Beverage Co. v. Jos.Schlitz Brewing Co., 162 Mont. 243, 511

P.2d 1; Harland v. Anderson, _____Mont._____, 548 P.2d 613,

33 St.Rep. 363. Further, in Kober & Kyriss v. Billings Deaconess

Hospital, 148 Mont. 117, 122, 417 P.2d 476, this Court quoting

with approval from 6 Moore's Federal Practice 2d, ¶56.15, said:

> "'The courts hold the movant to a strict standard.
> To satisfy his burden the movant must make a showing that
> is quite clear what the truth is, and that excludes any
> real doubt as to the existence of any genuine issue of
> material fact.'"

This Court has also held that the party opposing the motion

is afforded the benefit of all reasonable inferences which may

be drawn from his offered proof. Kober & Kyriss v. Billings

Deaconess Hospital, supra. Certainly, summary judgment is not a

viable substitute for a trial where a factual controversy exists.

> "* * * Summary judgment is not a proper tool for
> resolving disputed issues of fact and is accordingly
> improper whenever material factual matter is in dis-
> pute. * * *" Flanagan v. Curran, 164 Mont. 262, 265,
> 521 P.2d 200.

- 4 -

However, the summary judgment procedure does not end here. Since the purpose of the procedure is to promote the streamlining of the judicial process through a "screening-out" and elimination of questions which do not merit resolution by litigation, the burden is shifted to the party opposing the motion where the record reveals no genuine issue of material fact. Such burden is as substantial as that initially imposed upon the movant.

> "'* * * the opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, nor merely suspicious.'" Silloway v. Jorgenson, 146 Mont. 307, 310, 406 P.2d 167, quoting from 6 Moore's Federal Practice 2d, ¶56.11.

A plaintiff in a products liability action has the initial burden of establishing three elements prior to recovery, regardless of whether his cause of action is phrased in terms of negligence, warranty or strict liability: First, the plaintiff must show that he was injured by the product. Second, he must present proof the product was defective and unreasonably unsafe. Third, it must be demonstrated such defect existed when the product left the hands of the particular defendant. Prosser Torts 4th ed. §103. It is the third element we are concerned with here.

The theory of §402A, Restatement of Torts 2d, adopted by this Court in Brandenburger v. Toyota Motor Sales, 162 Mont. 506, 513 P.2d 268, only imposes liability on the manufacturer or seller if:

> "* * * the product is, at the time it leaves the seller's hands, in a condition not contemplated by the ultimate consumer, which will be unreasonably dangerous to him. * * *" Restatement of Torts 2d §402A, Comment: g.

- 5 -

It is clear the conduct of the seller or manufacturer in placing the product in the stream of commerce in a defective condition, to which the injury must be identified, is the cornerstone of the plaintiff's proof in a strict liability case. The law in Montana is well established that unless evidence is offered supporting the conclusion the product was defective at the time it left the hands of the particular seller or manufacturer, there can be no liability. Barich v. Ottenstror, _____Mont._____, 550 P.2d 395, 33 St.Rep. 481. The law will not automatically presume the defect to have been extant at the time the product was under the control of the defendant, from a mere demonstration of a possible defect at the time of the accident. Barich v. Ottenstror, supra. In other words, from the nature of the alleged defect, coupled with evidence of the surrounding circumstances, it may be reasonable to infer the defect did not exist at the time of manufacture or sale.

Upon a review of the record, we find respondents sustained their initial burden of proof as parties movant under Rule 56, M.R.Civ.P., by demonstrating the product involved was subjected to substantial wear by moving it long distances and by continued actual use. Continued usage of a product will not itself prevent recovery where satisfactory proof of an original defect is offered. However, where no direct evidence of such defect exists and proof must be made by inference, as here, continued use by plaintiff may well preclude a finding the product was defective when placed in the stream of trade.

This case is to be distinguished from those where there is a malfunction of a recently acquired machine, which manifests a latent defect. On the contrary such a defect as is involved

- 6 -

here, had it existed prior to the accident, would be obvious to anyone using the product for even the shortest period of time upon a simple inspection.

Appellant offers no real evidence in opposition to respondents' proof, other than the mere assertions he was present whenever the saw was moved and was aware of the occasions of its use and the identities of the various users. As the party opposing the movant under the rule of Harland, appellant had the substantial burden of refuting the inferences drawn from undisputed facts concerning the continued use and consequent wear upon the table saw, to raise again a genuine and material factual issue. Appellant's mere assertions do not constitute facts which are "material and of a substantial nature" such as would prevent summary judgment. When the complaint is viewed in the light of appellant's statements in his deposition and affidavit in opposition to the motion for summary judgment, together with all exhibits presented, it is apparent there is no genuine, material factual issue in this case. The district court was correct in ruling that respondents were entitled to judgment as a matter of law.

Appellant's second contention is that under the general rule as enunciated in Hagen v. Great Northern Railway Co., 153 Mont. 309, 456 P.2d 51 and Dean v. First National Bank of Great Falls, 152 Mont. 474, 452 P.2d 402, the affirmative defense of contributory negligence raised by respondents is not susceptible to summary adjudication. While there may be exceptions in unusual circumstances, we find appellant's contention to be a correct statement of the law. It cannot be disputed that in most cases the presence or absence of negligence remains a question of fact which itself

requires a trial under traditional negligence principles. However where, as here, appellant's own claim is defective and respondents' demonstration of a complete absence of material issues of fact remains uncontroverted, more than adequate grounds exist for summary judgment. Therefore we need not consider whether summary judgment was the proper vehicle in the instant case for establishing contributory negligence as a matter of law.

Because this case is decided on other grounds, it is not necessary to discuss the question of whether a retailer of a defective product may be held strictly liable.

The summary judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 8 -

Mr. Justice Frank I. Haswell, dissenting:

I would vacate the summary judgment and remand the case for trial on the merits.

My disagreement with the majority is on the facts, not upon the law. Admittedly the record is barren of direct testimonial proof that the defect existed at the time the saw left the hands of defendants. However, in my view the record supports an inference that it did. Proof of a defect in the product may be made through inferences drawn from circumstantial evidence as well as by direct evidence. Barich v. Ottenstror, ____Mont.____, 550 P.2d 395, 33 St.Rep. 481 (1976); Kober & Kyriss v. Billings Deac. Hosp., 148 Mont. 117, 417 P.2d 476; Brandenberger v. Toyota Motor Sales, 162 Mont. 506, 513 P.2d 268, Because this inference must be weighed against opposing evidence to determine where the truth lies, this case presents a genuine issue of material fact precluding summary judgment in my opinion.

_____
                Justice

Mr. Justice Daniel J. Shea dissenting:

I concur with the dissent of Justice Haswell and I further

dissent because the district court used his own personal standards

in assessing plaintiff's conduct and also because the district

court erred in ruling the plaintiff was guilty of contributory

negligence.

The district court's summary judgment order stated:

"One of the instructions this court always gives
to the trial jury is that 'in considering the evidence
you have a right to do so based upon your common
general knowledge formed by ordinary experiences and
observations in your daily affairs of life.' In this
action the defendants have moved for a summary judg-
ment based upon the facts presented by the pleadings
and as further explained by depositions and other
papers in the court file.

"In determining whether or not there is a genuine
issue of fact for the jury this judge deems himself
bound by the same rules as would apply to the jury.
This judge has been the owner of a Rockwell Table Saw
for over 40 years. That saw has been used often and
it has been used to cut many short pieces of both one-
inch and two-inch lumber to be used as 'joist bracing.'
This judge has also suffered an injury to his left
index finger from that saw. This judge has often moved
that saw and has always felt it necessary to test the
stability of the saw before use and often has found it
necessary to shim one leg as was done by the plaintiff's
employee when the saw here in question was used.

"The court holds as a matter of law that the
plaintiff was contributorily negligent in failing to
take the most elementary precautions before attempting
to use the saw. The court also holds that as a matter of
law the injury could not have happened because of the
1/4 inch shorter leg unless the plaintiff was himself
negligent in the feeding of the material into the saw
blade.

"The motion for summary judgment is granted."

It is clear the trial court relied on his own personal

experiences in determining the standard to which the plaintiff

in this case must be held. While it is laudable that the district

court takes the precautions he does when he operates a table saw,

- 10 -

nevertheless, this is not the standard he must use when determining a motion for summary judgment.

The basis of the ruling was that the plaintiff was guilty of contributory negligence. However contributory negligence is not a defense in a case involving strict liability. Prosser on Torts, 4th Ed., pp. 522-525;/[2] Restatement of Torts 2d, §402A, p. 356. The Restatement provides:

> "Since the liability with which this Section deals is not based upon negligence of the seller, but is strict liability, the rule applied to strict liability/cases applies. Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of the existence. On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."

In this case plaintiff in his deposition testified that he had seen the saw standing two times before he was injured, and at neither time was he aware of its instability. It is clear that at least on the basis of the plaintiff's testimony, and there was no other proof, that he was not even aware of a defect in the saw at the time he was injured. Under these circumstances the defense of assumption of risk would not even be available. Moreover, even if it were, this defense should not be subject to summary adjudication, but rather, is a question for the jury. Williams v. Brown Manufacturing Company, 45 Ill.2d 418, 261 N.E.2d 305, 46 ALR3d 226 (1970).

I would reverse the summary judgment order and order the case be tried to a jury on its merits.

Daniel J. Shea
Justice.

- 11 -