351 So.2d 821 (1977)
David ST. PIERRE
v.
Charles GABEL et al.
No. 11520.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
*822 Larry C. Becnel, Gramercy, J. Arthur Smith, III, Baton Rouge, of counsel for plaintiff-appellant David St. Pierre.
W. Luther Wilson, Baton Rouge, of counsel for defendant & third party plaintiffs-appellants Charles Gabel, et al.
Charles W. Franklin, Baton Rouge, of counsel for defendants & third party plaintiffs-appellees Rockwell International Corp. & Employers Mut. Ins. Co. of Wausau, Wisconsin.
Don L. Broussard, Lafayette, of counsel for Travelers Ins. Co. appellee.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge:
The plaintiff, David St. Pierre, brought this action for injuries sustained when an electric miter box saw fell on his right hand. At the time of the accident, the plaintiff was employed as a carpenter by R & M Corporation, a manufacturer of prefabricated and portable structures and buildings.
*823 The plaintiff sued Charles Gabel, Ralph Riles and Eunice Riles, as executive officers of his employer, and their liability insurer, The Travelers Indemnity Company, as well as Rockwell International Corporation,[1] the manufacturer of the saw, and its insurer, Employers Mutual Insurance Company of Wausau, Wisconsin. The executive officers and their insurer third-partied the manufacturer for indemnity and contribution, and Rockwell in turn third-partied the executive officers for contribution. Subsequently, The Travelers Insurance Company intervened for reimbursement of the workmen's compensation benefits paid to the plaintiff.
On November 16, 1973, St. Pierre, almost 22 years old, was using the electric miter box saw manufactured by defendant Rockwell, and owned by R & M, his employer, to cut and miter angles into moldings. The saw consists of a circular saw mounted on an arm. To engage the saw blade with the material being cut on the worktable, the operator pulls down the arm of the saw. When the operator releases the arm (or handle), the saw swings back to the upright, or out-of-use, position by means of a spring. Additionally, the saw can be pivoted over the worktable to change the angle of the cut. On this particular saw, the "brake" button, which is used to stop the spinning saw blade, was broken. The fact that the "brake" button was broken was known to the executive officers of R & M and to the plaintiff, St. Pierre. St. Pierre and other employees had used the saw earlier in the day. On this particular occasion, St. Pierre had cut a piece of molding. He released the handle of the saw, and the saw swung to its upright position. Then, while the blade was still spinning the saw fell on St. Pierre's right hand, causing the injuries of which he complains in this suit.
The case was tried by jury, and the matter was presented on written interrogatories. The jury concluded that the three executive officers of R & M were guilty of negligence proximately causing the plaintiff's injuries. It further concluded that Rockwell was negligent, but that its negligence was not a proximate cause of the plaintiff's injuries. Accordingly, it answered the interrogatories and rendered verdicts as follows: against Charles Gabel, Ralph Riles and Eunice Riles, and their insurer, Travelers Indemnity Company, in the sum of $193,000.00; in favor of Rockwell International Corporation, and its insurer, dismissing the plaintiff's main demand; dismissing all third party demands. The workmen's compensation reimbursement claim was stipulated. Judgment on the verdict was entered on April 27, 1976.
The plaintiff appealed devolutively from that part of the final judgment dismissing his claim against Rockwell and its insurer, Employers Mutual. Defendants Gabel, Mr. & Mrs. Riles, and The Travelers Indemnity Company appealed suspensively and devolutively from the judgment.
Subsequently, The Travelers Indemnity Company, for itself and its insureds, settled the plaintiff's claim for $162,500.00, plus a waiver of all workmen's compensation benefits, and took an assignment of the plaintiff's rights against Rockwell.[2]
Appellants argue that Rockwell, the manufacturer, negligently designed and manufactured the saw, and that it was Rockwell's negligence alone which caused the injuries to St. Pierre; and, alternatively, that the concurrent negligence of the manufacturer and the executive officers of R & M combined to cause the injuries of St. Pierre, as a consequence of which Rockwell owes contribution. They contend that Rockwell improperly designed the spring mechanism which returns the saw to the out-of-use position and defectively manufactured the saw by using a spring easily susceptible to breaking. Appellants complain *824 that the jury thus erred in finding that defendant Rockwell's negligence was not a proximate cause of St. Pierre's injury.
The manufacturer of a product is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the product, if the injury might have been reasonably anticipated. See Weber v. Fidelity & Casualty Insurance Company of New York, 259 La. 599, 250 So.2d 754 (1971); Ashley v. Nissan Motor Corp. in U.S.A., 321 So.2d 868 (La.App. 1 Cir. 1975), writ denied, 323 So.2d 478 (La.1975).
However, a manufacturer can not be held liable for injuries caused by a defective product where the defect was created by an alteration which amounts to an intervening or superseding cause. Landry v. E. A. Caldwell, Inc., 280 So.2d 231 (La.App. 1 Cir. 1973); Annot. 41 A.L.R.3d 1253. It is clear that the jury found that a significant part of the Rockwell saw did not fail as a result of the negligence of the manufacturer, but failed due to the intervention of an independent cause, i. e., the use of improper replacement parts to repair the saw by the employer, through its executive officers or employees. See Frey v. Travelers Insurance Company, 271 So.2d 56 (La.App. 4 Cir. 1972), writ denied, 273 So.2d 840 (La.1973).
A jury verdict should be maintained unless the record reflects that its conclusions of fact are not supported by the evidence, or its application of law is clearly erroneous. See Perrin v. St. Paul Fire and Marine Insurance Company, 340 So.2d 421 (La.App. 4 Cir. 1976). The finding of the trier of fact, which has evidence before it furnishing a reasonable factual basis for its finding, based upon its reasonable evaluation of credibility will not be disturbed on appeal in the absence of manifest error. See Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The factual findings of the jury in determining the issue of proximate causation in the instant case are supported by credible evidence in the record. We have reviewed the evidence and under the particular facts and circumstances presented herein, we find no manifest error in the jury's findings. See Dyson v. Gulf Modular Corporation, 338 So.2d 1385 (La.1976).
There was evidence which if believed by the jury, as the verdict indicates it was, goes to show that the executive officers of R & M were negligent in maintaining and repairing the Rockwell saw, and that they had allowed another, non-stock, spring to be substituted for the manufacturer's stock spring, and that a substitute screw was allowed to be used in place of the stock screw to retain the spring; that Ralph Riles, as President of R & M, had the overall responsibility of the manufacturing process, as well as other corporate functions, and that he was negligent in carrying out his duties with respect to the Rockwell saw; that Eunice Riles, though primarily an administrative officer, had certain supervisory duties over the shop operation, which duties with respect to the Rockwell saw were negligently performed; and that Charles Gabel, the shop foreman, was primarily in charge of the shop area and was directly responsible for maintaining the shop equipment in a safe operating condition and that he had negligently performed his duties, particularly with respect to the Rockwell saw. There was evidence that the "brake" button on this saw was broken, and had been broken for some time without any effort to repair it; yet, the saw was authorized by the executive officers to be continued in use. See Canter v. Koehring Company, supra.
There was also sufficient evidence to allow the jury to conclude that the substitute spring, rather than breaking, slipped off its retaining screw because a replacement screw, not designed for the saw, was used to attach the spring. Three witnesses, including Mr. Gabel, the shop foreman, testified that the spring on the Rockwell saw at the time of the accident was not the spring that came on the saw and was not a Rockwell stock model spring; and there was evidence of a substitution for the original retainer screw.
*825 The jury also had the benefit of the testimony of the expert witnesses, Dr. Sabbaghian and James Dover. Dr. Sabbaghian expressed the opinion that the Rockwell saw was defectively designed and that the spring broke, causing the accident; Mr. Dover expressed the opinion that the saw was properly designed, and that the accident was caused by improper repairing and maintenance of the saw.
Even though the expert witnesses' testimony differed on the question of the cause of the accident, and in several other respects, it is largely a matter of fact for the jury to determine the most credible evidence, and a finding of fact in this regard will not be overturned unless manifest error appears in the record. Green v. State, Southwest Louisiana Charity Hospital, 309 So.2d 760 (La.App. 3 Cir. 1975), writ denied, 313 So.2d 601 (La.1975).
There was also some evidence that St. Pierre used the saw improperly; however, from its verdict, the jury either considered this not a proximate cause of the injury, or that the plaintiff had not been properly instructed by his employer in its use. There was evidence from which the jury could find that the plaintiff was not instructed in the proper use of the saw. The employer's attitude toward safety, maintenance, repair and proper use of the shop equipment can be described as "hazardously indifferent" to say the least, safety was not first.
Our duty on appellate review requires us to affirm unless the trier's decision on the facts is not supported by the evidence, or the application of law is clearly erroneous, as we stated above. In reviewing the decision of the jury we are directed to follow the Canter guideline. See Ashley v. Nissan Motor Corp. in U.S.A., supra.
We find no manifest error; the credible evidence reasonably supports the jury's verdict. For the reasons assigned, we affirm at the defendants-appellants' costs.
AFFIRMED.
NOTES
[1] Defendant Rockwell was sued as "Rockwell Manufacturing Company" and plaintiff did not know the name of its insurer when suit was filed.
[2] Counsel for The Travelers Indemnity Company and the executive officers was enrolled as counsel of record for appellant, David St. Pierre, to assert the claims of St. Pierre on appeal.