**Louis BUNDIE**

v.

**SKIL CORPORATION.**

**Civ. A. No. 77–3286.**

United States District Court,
E. D. Pennsylvania.

Jan. 15, 1980.

David F. Binder, Philadelphia, Pa., for plaintiff.

Norbert F. Bergholtz, Philadelphia, Pa., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

NEWCOMER, District Judge.

This case was first tried before the Court without a jury on April 20, 1978. Upon appeal the Court of Appeals, 591 F.2d 1334, reversed and remanded the case with instructions to hear additional expert testimony on behalf of the plaintiff on the issue of a defect in design. Pursuant to the instructions on remand, the Court heard additional evidence on April 18 and May 17, 1979. Upon consideration of the opinion of the Court of Appeals, and the additional evidence adduced at trial, the Court finds for the defendant.

### AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

After consideration of additional evidence on remand, the Court has concluded that the saw in issue was not defective. A product is defective if it is not safe for its intended, or other reasonably foreseeable use. *Azzarello v. Black Brothers Company*, 480 Pa. 547, 391 A.2d 1020 (Pa.1978); *Eshbach v. W. T. Grant Co.*, 481 F.2d 940, 943 (3d Cir. 1973). Here, the product was not shown to have been unsafe for use as a portable power wood saw.

The plaintiff's proof showed that, had the Skil saw in question been equipped with an automatic blade brake, the injury probably would not have happened, or at least would not have been as severe, because the blade would not have been spinning after it left the plaintiff's hands. The defendant coun-

tered with evidence to show that an electric blade brake is difficult to keep in effective operating condition, and that consumers could not be expected to perform the frequent changes in electrical brushes that blade brakes require.

The Court finds that a blade brake would not have been a practical safety device for Skil to have included in the saw because of the unacceptable level of wear that it would inflict on the components of the motor, and because of the need for frequent electrical maintenance which would make its incorporation impractical in a saw intended for use by consumers.[1]

The Court finds that the spring-operated blade guard opened as it passed across the plaintiff's clothing, after the motor had stopped, but while the blade was still spinning. The plaintiff argues that the guard was defective.

The Court cannot agree. The blade guard was designed to open easily as it passed across whatever wood was to be cut, and it is not surprising that it would open when dropped against clothing. The guard was designed to add to the user's safety, not to insure it.

Some instruments which are part of our lives simply cannot be made entirely safe. Knives, guns, explosives, motor vehicles, household chemicals, and hundreds of other products inherently involve some risk of personal injury. Careful design can reduce that risk, but, especially with a product such as a power saw, the risk can never be entirely eliminated.

The saw in issue was safe for its intended use. It is the use itself—i. e., use of a high speed steel blade to cut wood—that involves some hazard. Mr. Bundie was not a victim of a defect in design. Rather, he was injured because the steel blade of the saw must rotate at seven thousand revolutions per minute to accomplish its purpose, and because there is no *practical* means of stopping that blade, or shielding it with a fool-proof mechanical guard.

Skil designed a saw that was safe for its intended (and other reasonably foreseeable) uses. The Court therefore will not reach the issue of whether Mr. Bundie's use of the saw was abnormal or unforeseeable. Judgment will be entered in favor of the defendant and against the plaintiff.

An older model Sears saw was demonstrated in court, and it was obvious that the blade brake placed a significant strain on the motor mechanism.

---

1. It is significant, although of course not dispositive, that there are no portable power saws on the market today which are equipped with electrical blade brakes. Sears-Craftsman included a brake on one professional model for many years, but recently discontinued its use.