HENRY C. GRIFFIN AND NEVADA INDUSTRIAL COMMISSION, APPELLANTS, v. ROCKWELL INTERNATIONAL, INC., AND DOES I THROUGH X, RESPONDENT.

No. 12368

December 29, 1980                              620 P.2d 862

[Rehearing denied February 5, 1981]

*Fitzgibbons & Beatty,* Las Vegas, for Appellant Henry C. Griffin.

*Harkins & Beckett, Ltd.,* Carson City, for Appellant Nevada Industrial Commission.

*Thorndal, Gentner, Backus, Lyles & Maupin, Ltd.,* Las Vegas, for Respondent Rockwell International, Inc.

[6]CHIEF JUSTICE JOHN MOWBRAY voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to art. 6, § 4, of the Constitution, designated Judge Michael E. Fondi of the First Judicial District to sit in his stead.

[7]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE E. M. GUNDERSON, who voluntarily disqualified himself in this case. Nev. Const. art. 6, § 19; SCR 10.

[8]MR. JUSTICE NOEL MANOUKIAN voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to art. 6, § 4, of the Constitution, designated the Honorable Frank B. Gregory, Senior District Judge, to sit in his stead.

*Nevada Trial Lawyers Association, J. R. Crockett, Jr.,* Las Vegas, Amicus Curiae.

## OPINION

*Per Curiam:*

This is an appeal in a products liability case wherein the trial court granted defendant-respondent's motion for involuntary dismissal, NRCP 41(b), following the conclusion of plaintiff-appellant's case in chief.

Appellant first contends that the trial court erred in striking the testimony of appellant's expert witness. We have carefully reviewed the record and briefs on appeal and find that the trial court properly struck the proffered expert testimony as the witness did in fact, as found by the trial court, testify "out of his field" of expertise. We find no abuse of discretion and will not interfere with the lower court's determination. Provence v. Cunningham, 95 Nev. 4, 7, 588 P.2d 1020, 1021 (1979); Levine v. Remolif, 80 Nev. 168, 172–73, 390 P.2d 718, 720 (1964).

Appellant next contends that irrespective of whether the first assignment of error succeeds, the trial court committed reversible error in involuntarily dismissing appellant's case. We disagree.

Although it is true that in reviewing the grant of a Rule 41(b) motion "the plaintiff's evidence must be accepted as true . . . [and] this court must draw all permissible inferences in his favor and not pass upon the credibility of the witnesses nor weigh the evidence," Bates v. Cottonwood Cove Corp., 84 Nev. 388, 391, 441 P.2d 622, 624 (1968), it is equally true that the plaintiff must present a *prima facie* case upon which the triers of fact can grant relief. Warner v. Dillion, 92 Nev. 677, 588 P.2d 540 (1976). In a strict liability case, such as that before us, the burden of proving liability rests upon the plaintiff, who, "must still establish that his injury was caused by a defect in the product, and that such defect existed when the product left the hands of the defendant." Ginnis v. Mapes

Hotel Corp., 86 Nev. 408, 413, 470 P.2d 135, 138 (1970); Duncan v. Rockwell Manufacturing Co., 567 P.2d 936, 939 (Mont. 1977).

The claimed defect in this case, the absence of an interlock safety device on a 10 inch table saw manufactured by respondent, was not sufficiently shown to withstand the motion to dismiss. The only evidence offered by appellant Griffin was his testimony, the stricken testimony of his proposed expert, and an instruction booklet on a Rockwell 10 inch saw that was printed the year after the accident occurred. Even by viewing this evidence most favorably to Griffin, the testimony of the witnesses does not sufficiently demonstrate that such an interlock switch was or was not a part of the saw when it left the control of respondent manufacturer. While an inference could possibly be drawn that the offered booklet came from an identically built saw, the jury would then have had to draw the further inference (based not upon a proved fact, but upon the foregoing conclusion) that if such a device were on the saw it would be reflected in the booklet. The actual facts shown at trial do not provide a reasonable basis for drawing such an inference regarding such an essential element of appellant's case in chief. *See* Rickard v. City of Reno, 71 Nev. 266, 272–73, 288 P.2d 209, 212 (1955).

Because the foregoing determinations are dispositive of this appeal, it is unnecessary for us to address appellant's remaining contentions.

MOWBRAY, C. J., GUNDERSON, MANOUKIAN, and BATJER, JJ., and FONDI, D. J.,[1] concur.

---

[1]The Governor designated the Honorable Michael Fondi, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.