# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOYCE A. CRESSER,
Appellant,
vs.
CORRINE P. MURPHY,
Respondent.

No. 68611

FILED

JUN 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a legal malpractice action. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Joyce Cresser hired respondent Corrine Murphy to represent her and contest two traffic citations. Soon after, the parties terminated their attorney-client relationship and appellant retained new counsel. Respondent nevertheless rescheduled appellant's trial, yet never notified appellant of her new trial date. After appellant and her new attorney failed to appear at her rescheduled trial, the district court issued a warrant and she was subsequently arrested.

Appellant proceeded to seal her arrest record due to employment and immigration concerns. In the meantime, appellant neither applied for any jobs or licenses as a feature entertainer nor applied for Canadian citizenship.

After her record was sealed, appellant filed a pro se complaint against respondent in district court, alleging malpractice. The district court granted respondent's motion for summary judgment on appellant's three claims for damages. The district court also denied appellant's motion for rehearing.

17-21265

On appeal, appellant argues that the district court erred in granting respondent's motion for summary judgment on the claims for (1) emotional distress, (2) lost wages, and (3) travel expenses. We disagree.

This court reviews a district court's order granting summary judgment de novo. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists "and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). When deciding a summary judgment motion, all evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* However, general allegations and conclusory statements do not create genuine issues of fact. *See id.* at 731, 121 P.3d at 1030-31. Thus, the nonmoving party must present specific facts demonstrating the existence of a genuine factual issue supporting her claims to withstand summary judgment. *See* NRCP 56(e).

*Emotional distress damages*

Appellant argues that the district court erred in relying upon *Kahn v. Morse & Mowbray*, 121 Nev. 464, 117 P.3d 227 (2005), because that case involved a pecuniary loss rather than a loss of liberty. Thus, appellant urges us to adopt an exception to the general rule barring emotional distress damages in legal malpractice cases. We disagree with appellant and decline her invitation to create an exception to *Kahn*.

This court reviews the lower court's interpretation of case law de novo. *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev., Adv. Op. 10, 343 P.3d 608, 612 (2015). In *Kahn*, we concluded "that a claim for negligent infliction of emotional distress cannot be premised upon an attorney's negligence in a legal malpractice case." 121 Nev. at

478, 117 P.3d at 237. Further, "when a plaintiff bases a malpractice claim solely on negligence, without alleging or proving outrageous or extreme conduct, . . . damages for emotional distress or mental anguish are inappropriate." *Id.*

Pursuant to *Kahn*'s general holding, appellant is barred from seeking emotional distress damages based upon her allegation of attorney malpractice. Appellant only claims negligent infliction of emotional distress and fails to assert outrageous or extreme conduct by respondent. Therefore, the district court correctly interpreted *Kahn* and did not err in granting respondent summary judgment on this claim.

*Lost wages*

Appellant contends that an issue of material fact exists regarding whether she was able to seek work before her records were sealed. In particular, appellant argues that the district court erred in granting summary judgment on her claim for lost wages by (1) excluding her booking agent's testimony, and (2) failing to consider appellant's own testimony. We disagree with appellant's contentions.

"We review a district court's decision to exclude evidence for an abuse of discretion," and we will not disturb its exercise of discretion "absent a showing of palpable abuse." *Las Vegas Metro. Police Dep't v. Yeghiazarian*, 129 Nev. 760, 764-65, 312 P.3d 503, 507 (2013) (internal quotation marks omitted). This court applies the same standard when reviewing the district court's decision to exclude expert testimony and lay opinion. *See Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1046, 881 P.2d 638, 640 (1994); *see also McKeeman v. Gen. Am. Life Ins. Co.*, 111 Nev. 1042, 1052, 899 P.2d 1124, 1130 (1995). "An abuse of discretion occurs when no reasonable judge could reach a similar conclusion under

the same circumstances." *Leavitt v. Siems,* 130 Nev., Adv. Op. 54, 330 P.3d 1, 5 (2014) (citing *Delno v. Mkt. St. Ry. Co.,* 124 F.2d 965, 967 (9th Cir. 1942)).

NRS 50.275 governs expert witness testimony and states that "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by special knowledge, skill, experience, training or education may testify to matters within the scope of such knowledge." "The purpose of expert testimony is to provide the trier of fact a resource for ascertaining truth in relevant areas outside the ken of ordinary laity." *McKeeman,* 111 Nev. at 1051, 899 P.2d at 1130 (internal quotation marks omitted).

Although testimony from appellant's booking agent, Eleanor Bucci, could be capable of perception by the average layperson, Bucci's experience and special knowledge of the adult entertainment industry could also assist the jury in providing information "outside the ken of ordinary laity." *Id.* Accordingly, a reasonable judge could conclude that Bucci was a purported expert witness because determining the effect of an arrest record in the adult entertainment industry may require some specialized knowledge beyond the realm of everyday experience. Therefore, because Bucci could be characterized as an expert witness, the district court did not abuse its discretion in precluding Bucci's testimony when appellant failed to timely disclose this witness as required by NRCP 16.1(a)(2)(C)(i).[1]

---

[1]We note that the record indicates that Bucci was not aware of specified instances where appellant was refused work due to her arrest as appellant offers.

As to appellant's own testimony, we conclude that her ability to obtain licensure is determinative of her claim.[2] Without proof that a jurisdiction would have rejected her licensure due to the arrest, causation "is clearly lacking as a matter of law," entitling respondent to summary judgment. *Butler v. Bayer*, 123 Nev. 450, 461, 168 P.3d 1055, 1063 (2007) (internal quotations marks omitted). Therefore, the district court did not err in granting respondent summary judgment on the claim for lost wages.

*Travel expenses*

Appellant argues that the arrest delayed her path to Canadian citizenship, causing her to make additional trips to Canada and causing additional travel expenses. We disagree.

Because appellant waited until her records were sealed without providing evidence that such action was necessary, she has failed to establish that her additional trips and expenses were proximately caused by her arrest. *See Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 238, 955 P.2d 661, 664-65 (1998) (stating that although "[p]roximate causation is generally an issue of fact for the jury to resolve," a plaintiff must satisfy the element by establishing "that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances" (internal quotation marks omitted)). Even after a careful review of the record and viewing all evidence in a light most favorable to appellant, appellant's claim for travel expenses is too speculative. *See Clark Cty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 397, 168 P.3d 87, 97

---

[2]The record reflects that appellant did not apply for licensure. Further, appellant does not represent that she spoke with any licensing authority as to licensing issues in any jurisdiction.

(2007) (stating that the plaintiff bears the burden of proving damages and such proof cannot be based on speculative testimony). Therefore, the district court did not err in granting respondent summary judgment on the claim for travel expenses.

Based on the foregoing, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Valerie Adair, District Judge
       Robison Belaustegui Sharp & Low
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Eighth District Court Clerk