138 Nev., Advance Opinion 80

IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS REVIEW-JOURNAL,
Appellant,
vs.
CLARK COUNTY OFFICE OF THE
CORONER/MEDICAL EXAMINER,
Respondent.

No. 82908

FILED

DEC 15 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a special order after final judgment awarding attorney fees and costs. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

*Affirmed in part, vacated in part, and remanded.*

McLetchie Law and Margaret A. McLetchie, Las Vegas,
for Appellant.

Marquis Aurbach Coffing and Jacqueline V. Nichols and Craig R. Anderson, Las Vegas,
for Respondent.

_____

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, PICKERING, J.:

The Las Vegas Review-Journal (LVRJ) appeals from an order awarding it costs and attorney fees in proceedings under the Nevada Public Records Act (NPRA). The district court's award discounted the costs and fees the LVRJ requested by almost 40%. The LVRJ contends that the

22-39353

district court abused its discretion by imposing such a substantial discount without explaining its reasons for doing so. We agree. We therefore vacate and remand this matter to the district court to explain and, if appropriate, modify its award.

## I.

## A.

The NPRA requires governmental agencies to make their nonconfidential records available to the public on request. NRS 239.010. In 2017, the LVRJ asked the Clark County Office of the Coroner (the Coroner) to produce autopsy reports for the preceding five years for juveniles who died while under the supervision of the Clark County Department of Child and Family Services. When the Coroner refused, the LVRJ sued. *See* NRS 239.011(1) (affording a record requester the right to apply to the district court for an order compelling production). The district court ordered the Coroner to provide the LVRJ with the autopsy reports it had requested. It also awarded the LVRJ the roughly $32,000 in costs and fees it had incurred to that point. *See* NRS 239.011(2) (providing that a prevailing record requester is entitled to recover costs and reasonable attorney fees).

The Coroner appealed both the record-production order and the order awarding costs and fees. It sought and obtained stays pending appeal of these orders. *See Clark Cty. Office of the Coroner/Med. Exam'r v. Las Vegas Review-Journal*, 134 Nev. 174, 415 P.3d 16 (2018). After briefing and argument, this court affirmed in part, reversed in part, and vacated and remanded in part. *Clark Cty. Office of the Coroner/Med. Exam'r v. Las Vegas Review-Journal*, 136 Nev. 44, 458 P.3d 1048 (2020). On the merits, we rejected the Coroner's claims that the law categorically exempts juvenile

autopsy reports from public inspection, *id*. at 50-54, 458 P.3d at 1054-56, and immunizes the Coroner from cost and fee awards in NPRA litigation, *id*. at 60-61, 458 P.3d at 1060-61. But we credited the Coroner's alternative argument that the district court did not adequately consider the juvenile decedents' privacy interests before ordering the reports produced without redaction and vacated and remanded for the district court to do so. *Id*. at 54-58, 458 P.3d at 1056-59. The remand made it "premature to conclude [the] LVRJ will ultimately prevail in its NPRA action," *id*. at 61, 458 P.3d at 1061, so we also vacated the $32,000 cost and fee award, *id*. at 62, 458 P.3d at 1062.

On remand, the district court conducted the further proceedings this court directed. It reviewed selected autopsy reports, considered the parties' supplemental briefs and arguments, and again ordered the Coroner to provide the LVRJ with unredacted copies of the juvenile autopsy reports. The district court rejected the Coroner's argument that the reports so far implicated the juvenile decedents' privacy interests that those interests outweighed the public's interest in learning the information the reports contained. It denied the Coroner's motion for a stay pending appeal of its second production order.

The Coroner appealed and moved this court for an emergency stay. We denied the Coroner's emergency motion and the petition for reconsideration that followed. Without a stay, the Coroner had no choice but to comply with the district court's production order, which it did on December 31, 2020. That same day, the Coroner filed a motion to voluntarily dismiss its second appeal as moot, "with each party to bear its own fees and costs pursuant to NRAP 42(b)." This court granted the motion to dismiss as unopposed. *See Clark Cty. Office of the Coroner/Med. Exam'r*

*v. Las Vegas Review-Journal*, No. 82229, 2021 WL 118036 (Nev. Jan. 12, 2021) (Order Dismissing Appeal).

## B.

In district court, the LVRJ timely filed the motion for costs and attorney fees underlying this appeal. It supported the motion with detailed billing records and an affidavit of counsel, describing her firm, its expertise, and the going rate for NPRA work. The motion requested $3,581.48 in costs and $275,640 in attorney fees, for a total of $279,221.48. This sum comprised all the costs and fees the LVRJ had incurred in the case, including (in round numbers) the $32,000 spent to obtain the first production order and the $110,000 spent to oppose the Coroner's two appeals ($93,000 on the first appeal and $17,000 on the second). The remainder represents the costs and fees the LVRJ incurred on remand to obtain the second production order and preparing to enforce that order by contempt, if necessary, when the Coroner did not timely comply with it. In opposition, the Coroner mainly argued that the fees sought were unreasonable and that the LVRJ was not entitled to recover the costs and fees associated with the Coroner's two prior appeals. The district judge who had handled the case to that point retired, so the motion fell to his successor to decide.

The district court granted the LVRJ's motion in part. It found that the LVRJ prevailed in the litigation and that its fee application met each of the factors Nevada caselaw establishes for deciding the reasonableness of a fee request. *See Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). But having made these findings, which seemingly supported an award of the full amount requested, the district court reduced the amount by $110,000, or nearly 40%, awarding

$2,472 in costs and $167,200 in attorney fees, for a total of $169,672. When the LVRJ asked the judge to explain the reduction, he cited his years of experience "auditing bills for insurance companies" and stated that, after spending "about three and a half hours going through the bills [I] looked at certain issues and said, okay, is this an amount that I believe [it] should have been." The district judge added that the reduction "[h]as nothing to do with the quality of work . . . I think you guys are outstanding, both sides in this matter and it was a hard-fought case." The district court's written order did not elaborate further on the reasons for the reduction.

The LVRJ appealed; the Coroner did not cross-appeal.

## II.

Our legal system generally requires parties to pay their own litigation expenses, including attorney fees, unless a statute, rule, or contract authorizes shifting them from one party to another. *Las Vegas Review-Journal v. City of Henderson*, 137 Nev., Adv. Op. 81, 500 P.3d 1271, 1276 (2021). The NPRA includes a fee-shifting statute, NRS 239.011(2) (2019), that is both one-sided and mandatory. By its terms, this statute *entitles* a prevailing record requester to recover costs and reasonable attorney fees:

> If the requester prevails, *the requester is entitled to recover his or her costs and reasonable attorney's fees in the proceeding* from the governmental entity whose officer has custody of the book or record.

(emphasis added). It does not make reciprocal provision for the government to recover costs and fees from the requester, should the government prevail. In this way, NRS 239.011(2) incentivizes the government to honor public record requests outside of court, since the government must pay its own litigation expenses if it wins and both its own and its opponent's litigation expenses if it loses. *See Las Vegas Metro. Police Dep't v. Ctr. for*

*Investigative Reporting, Inc.*, 136 Nev. 122, 127-28, 360 P.3d 952, 957 (2020).

A record requester "prevails" for purposes of NRS 239.011(2) "if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit." *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 89, 343 P.3d 608, 615 (2015) (quoting *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005)). By this measure, the LVRJ prevailed and is entitled to recover costs and fees in this case—the district court so held and the Coroner does not seriously contend otherwise. But to be recoverable, the fees must be "reasonable." NRS 239.011(2). They must also be for work the NPRA, as the statute authorizing their recovery, deems compensable, *see Barney v. Mt. Rose Heating & Air Conditioning*, 124 Nev. 821, 825, 830, 192 P.3d 730, 733, 736-37 (2008) (noting that a "district court may award attorney fees only if authorized by a rule, contract, or statute" and excluding fees for work beyond that the applicable statute covered), and they cannot be precluded by prior rulings in the case, *see Bd. of Gallery of History, Inc. v. Datecs Corp.*, 116 Nev. 286, 288, 994 P.2d 1149, 1150 (2000) (reversing order awarding fees disallowed in prior orders that established law of the case).

The LVRJ maintains that the costs and fees it incurred are reasonable and for work the NPRA deems compensable that are not barred by law of the case. The Coroner disagrees and argues that this court should defer to the district court and affirm the $110,000 discount it imposed.

A.

A district court enjoys wide discretion in determining what fees are reasonable to award. *Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015). However, that discretion is not boundless. "When the district

SUPREME COURT
OF
NEVADA

(O) 1947A

6

court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *see Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1050, 881 P.2d 638, 643 (1994) (cautioning "the trial bench to provide written support . . . for awards of attorney's fees" because "[i]t is difficult at best for this court to review claims of error in the award of such fees where the courts have failed to memorialize, in succinct terms, the justification or rationale for the awards"). In other words, the district court should show its work and provide "a concise but clear explanation" of the reasoning behind its award amount. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 865, 124 P.3d 530, 549 (2005) (noting that this court will uphold an award of attorney fees where the district court "provides sufficient reasoning and findings in support of its ultimate determination").

The district court's order does not adequately explain the near 40% discount it imposed. Addressing reasonableness, the order correctly processes the LVRJ's fee application through the *Brunzell* factors. *See* 85 Nev. at 349, 455 P.2d at 33 (directing district courts, in determining a reasonable fee, to consider the quality of the advocate, the character of the work needed to be done, the work performed, and the result). It makes extensive written findings that each of the *Brunzell* factors supported awarding the LVRJ the fees it requested. But it then abruptly changes course, subtracting $110,000 from the $275,640 total sought. The order gives no explanation for the reduction except to state: "Based upon the Court's review of the documentation provided by [LVRJ] and the Court's

experience in insurance litigation, the Court finds [LVRJ] is awarded $167,200 in attorneys' fees."

The Coroner argues that this court should defer to the district court and infer the findings needed to support the discount. As support, the Coroner quotes *Logan v. Abe*, 131 Nev. at 266, 350 P.3d at 1143—"the district court need only demonstrate that it considered the required [*Brunzell*] factors, and the award must be supported by substantial evidence." But the appellants in *Logan* sought to reverse, not augment, a fee award, *see id.*, and we affirmed the award, finding that it satisfied the *Brunzell* factors generally, without examining each specifically—based upon a record on appeal that omitted the billing records underlying the fee award being challenged, *id.* at 267, 350 P.3d at 1143. That is a far cry from this case, where the district court made specific findings that each *Brunzell* factor supported a full fee award, then discounted the amount requested by almost 40% without explaining why.

"Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Moreno*, 534 F.3d at 1112. Such detail is needed for the prevailing party to object to—and this court to meaningfully review—the district court's decision. As an example, the Coroner argued in district court that the LVRJ did not prevail on the Coroner's first appeal given that this court vacated and remanded the first production order for further proceedings. *See Clark Cty. Office of the Coroner/Med. Exam'r*, 136 Nev. at 58, 458 P.3d at 1059. But if the district court credited this argument discounting the LVRJ's fee request, it erred—under NRS 239.011(2), a prevailing record requester is entitled to the fees incurred en route to

victory, not just those incurred in the final round. *See Blackjack Bonding*, 131 Nev. at 89, 343 P.3d at 615. Or, if the district court discounted the fees requested because it believed the parties overworked the case, it would need also to determine the extent to which the work the LVRJ put into the case was driven by the need to overcome the roadblocks the Coroner interposed en route to the second production order—and address that the LVRJ achieved the first production order for $32,000 in costs and fees, a sum the original district judge deemed reasonable. Without specific reasons for the discount, in short, this court cannot determine whether the district court "asked and answered [the right] question, rather than some other." *Fox v. Vice*, 563 U.S. 826, 839 (2011). The district court has wide discretion in the matter of attorney fees "when, but only when, it calls the game by the right rules." *Id.*

### B.

The Coroner alternatively defends the district court's $110,000 discount by arguing that, as written at the time pertinent to this appeal, NRS 239.011 did not authorize recovery of appellate fees. In this vein, the Coroner notes that the $110,000 discount roughly equals the amount the LVRJ spent defending the Coroner's two prior appeals in this case—$93,000 opposing the Coroner's appeal of the first production order and $17,000 opposing the Coroner's appeal of the second production order and its associated motion practice. Although the district court did not explain its $110,000 discount in terms of excluding assertedly nonrecoverable appellate fees, the Coroner speculates that this may have been its rationale. If not, the Coroner argues that the district court was right for the wrong reason in imposing the discount and should be affirmed on this basis. *See Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 426 n.40, 132 P.3d 1022, 1033

SUPREME COURT
OF
NEVADA

(O) 1947A

n.40 (2006) ("[W]e will affirm the decision of the district court when it reaches the correct result, even if based on the wrong reason.").

In 2019, the Legislature amended NRS 239.011 to specifically authorize awarding reasonable attorney fees incurred by a requester defending an agency appeal in an NPRA case. 2019 Nev. Stat., ch. 612, § 7, at 4008. Before then, the statute did not speak to appellate fees. It simply provided that "[i]f the requester prevails, the requester is entitled to recover his or her . . . reasonable attorney's fees *in the proceeding . . . .*" 1993 Nev. Stat., ch. 393, § 2, at 1230 (emphasis added). Since this litigation began before the 2019 amendments took effect, the pre-amendment version applies. 2019 Nev. Stat., ch. 612, § 11, at 4008 ("The amendatory provisions of this act apply to all actions filed on or after October 1, 2019.").

A "proceeding" is "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *Proceeding*, Black's Law Dictionary (11th ed. 2019). The term includes "the taking of the appeal or writ of error." *Id.* (quoting Edwin E. Bryant, *The Law of Pleading Under the Codes of Civil Procedure* 3-4 (2d ed. 1899)). Accordingly, pursuant to NRS 239.011(2)'s text, a prevailing requester is "entitled to recover [its] costs and reasonable attorney fees" for all the acts and events between the time of commencement and the judgment in their favor, including acts and events on appeal. *S. Highlands Cmty. Ass'n v. San Florentine Ave. Tr.*, 132 Nev. 24, 27, 365 P.3d 503, 505 (2016) ("When a statute's language is clear and unambiguous, it must be given its plain meaning.").

The Coroner cites *Bobby Berosini, Ltd. v. PETA*, 114 Nev. 1348, 1356, 971 P.2d 383, 388 (1998), for the proposition that a fee statute's silence as to appellate fees signifies their exclusion. But this overstates

*Berosini*, which interpreted a different statute, NRS 18.010 (1999), that limitedly authorizes a fee award "when the court finds that the claim, counterclaim, cross-claim, or third-party complaint or defense of the opposing party was brought without reasonable ground or to harass the prevailing party"—all trial court matters—and left it to NRAP 38 and this court to determine fees for frivolous appeals. *See In re Estate & Living Tr. of Miller*, 125 Nev. 550, 555, 216 P.3d 239, 243 (2009) (holding that the fee-shifting provisions in Nevada's offer-of-judgment statute and rule extend to fees incurred on and after appeal); *see also Las Vegas Metro. Police Dep't*, 136 Nev. at 126-27, 360 P.3d at 956 (interpreting the word "prevails" in NRS 239.011(2) broadly, consistent with the legislative policy declared in the NPRA); *Barney*, 124 Nev. at 825-28, 192 P.3d at 733-35 (interpreting the word "proceeding" in a statute authorizing attorney fees to include post-judgment matters, consistent with the perceived purpose of the fee statute). Nor are we persuaded by the Coroner's argument that the 2019 amendment adding subparagraph (3) to NRS 239.011 signified that before then, NRS 239.011(2) did not authorize appellate fees. The amendment can as easily be read to clarify as change the rule that NRS 239.011(2) authorizes recovery of appellate fees to record requesters who must defend an agency appeal.

## C.

The Coroner separately argues for exclusion of the $17,000 in appellate fees that the LVRJ incurred defending the Coroner's appeal of the district court's second production order and opposing an emergency stay. This court dismissed that appeal based on the Coroner's unopposed NRAP 42(b) motion, in which the Coroner asked, and this court ordered, each party to bear its own fees and costs. But this motion and order referred to fees

SUPREME COURT
OF
NEVADA

(O) 1947A

11

potentially recoverable under NRAP 38 for a frivolous appeal, not fees statutorily recoverable in district court. *Cf. Breeden v. Eighth Judicial Dist. Court*, 131 Nev. 96, 98, 343 P.3d 1242, 1243 (2015) (holding that NRAP 42(b) does not authorize this court to condition voluntary dismissal on payment of appellate fees and costs unless NRAP 38 authorizes their recovery for a frivolous appeal). Because the dismissal order did not decide the availability of attorney fees under the NPRA, expressly or implicitly, it did not establish law of the case precluding the LVRJ's fee motion. *See Dictor v. Creative Mgmt. Servs., LLC*, 126 Nev. 41, 44-45, 223 P.3d 332, 334 (2010) (noting that law of the case "does not bar a district court from hearing and adjudicating issues not previously decided . . . and does not apply if the issues presented in a subsequent appeal differ from those presented in a previous appeal").

### D.

The LVRJ asks us to vacate the district court's order and remand with instructions to award the full measure of fees and costs it requested. While the district court did not adequately explain the reduced fee award, it remains in the best position to make the fact-specific determination of what costs and fees are reasonable. *See Fox*, 563 U.S. at 838 (noting that there is hardly any "sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it"). This is true even though the district court judge came into this case after the judge who presided over it throughout retired. The burden of providing sufficiently specific objections to a winning party's fee request "can mostly be placed on the shoulders of the losing parties, who not only have the incentive but also the knowledge of the case" to point out instances where overbilling may have occurred. *See Moreno*, 534 F.3d at 1112. The authority the LVRJ cites

SUPREME COURT
OF
NEVADA

(O) 1947A

where an appellate court has undertaken to decide a fee motion originally arose in a jurisdiction with rules licensing such proceedings, *ACLU of Wash. v. Blaine Sch. Dist. No. 503*, 975 P.2d 536, 544 (Wash. Ct. App. 1999) (citing Wash. R. App. P. 18.1), which Nevada does not have.

We therefore affirm the attorney fees and costs order in the amount thus far awarded but vacate so much of the order as discounts the fees and costs requested by the LVRJ and remand for the district court to make adequate and specific findings as to any additional reasonable fees and costs the LVRJ incurred and is entitled to recover in this case.

_____, J.
Pickering

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Herndon